IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRELL HARDIE, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil No. TDC-20-1135 |
| DEUTSCHE BANK TRUST COMPANY | * | |
| AMERICA, *et al.*, | * | |
| Defendants. | | |

\*       \*       \*       \*       \*       \*

**MEMORANDUM OPINION**

This case was referred to me for all discovery and related scheduling matters. ECF No. 56. Two matters are pending before the Court: Defendant Altisource Solutions, Inc.'s ("Altisource") request for an award of expenses incurred in connection with their previously granted motion to compel (ECF No. 59) and Plaintiffs Darrell and Yanic Hardie's notice of intent to move to modify the scheduling order (ECF No. 76), which the Court will treat as a motion to modify the scheduling order. Having considered the parties' submissions (ECF Nos. 59, 69, 72, 74, 76, 78 & 82), I find that a hearing is unnecessary. Loc. R. 105.6. For the following reasons, Altisource's request for an award of expenses will be granted and Plaintiffs' motion to modify the scheduling order will be granted in part and denied in part.

I.      **Background**

Plaintiffs filed this lawsuit with the help of their previous attorney, Thomas McKnight ("Mr. McKnight"), in May 2020, and filed their Amended Complaint in October 2020. ECF Nos. 1 & 31. Plaintiffs' claims arise from a foreclosure on their prior residence. In response to the Amended Complaint, Defendants filed a joint motion to dismiss (ECF No. 32), which the Court granted in part and denied in part (ECF Nos. 39 & 40). The Court dismissed the Plaintiffs' claims

for trespass (related to an August 2016 incident), "dual tracking" violations of the Real Estate Settlement Procedures ACT ("RESPA") and the Truth in Lending Act ("TILA"), and slander of title because the claims were time barred by the corresponding statutes of limitations. *Hardie v. Deutsche Bank Trust Co. Am.*, No. TDC-20-1135, 544 F. Supp. 3d 547, 554-56 (D. Md. June 16, 2021). The Court also dismissed Plaintiffs' claims for constructive trust, violation of the Fair Debt Collection Practices Act, and violation of Maryland's Uniform Commercial Code. *Id.* at 559-60. The Court denied the motion to dismiss as to Plaintiffs' claims for trespass and conversion related to a September 2017 incident, unjust enrichment, and the imposition of vicarious liability as to Altisource. *Id.* at 559-63.

An initial scheduling order was entered on July 26, 2021. ECF No. 45. This scheduling order provided that "the parties may, as of the date of this order, commence with discovery." *Id.* at 4. At the parties' joint request, a modified scheduling order was entered on September 15, 2021. ECF No. 53. This scheduling order provided the following deadlines:

| | |
|---|---|
| November 12, 2021 | Motion to amend the pleadings or for joinder of additional parties |
| November 24, 2021 | Plaintiffs' Rule 26(a)(2) expert disclosures |
| December 23, 2021 | Defendants' Rule 26(a)(2) expert disclosures |
| January 6, 2022 | Plaintiffs' rebuttal Rule 26(a)(2) expert disclosures |
| January 13, 2022 | Rule 26(e)(2) supplementation of disclosures and responses |
| February 7, 2022 | Completion of Discovery; submission of Post Discovery Joint Status Report |
| February 14, 2022 | Requests for admission |
| February 22, 2022 | Notice of Intent to File a Pretrial Dispositive Motion |

*Id.*

On the same day, Altisource served its First Set of Requests for Production of Documents on Plaintiffs' former counsel. *See* ECF No. 57 at 1. Plaintiffs did not produce timely discovery responses and Plaintiffs' counsel did not initially respond to Altisource's phone calls and emails about the outstanding discovery. *Id.* Altisource filed a motion to compel on November 2, 2021. ECF No. 55. The next day, Plaintiffs' former counsel (Mr. McKnight) emailed Altisource's counsel, explaining that he had "been traveling and some personal things came up." ECF No. 78-1 at 4. He stated that Plaintiffs had "no Documents that meet any" of the outstanding discovery requests and that Plaintiffs "are not using any Documents at this stage to prosecute the Complaint." *Id.* He demanded that Altisource withdraw its motion to compel "so we can proceed to a fuller elaboration of the impact of purloined documents from our clients by Altisource on behalf of Deutschebank." *Id.* Mr. McKnight also stated, somewhat cryptically, that "[w]e note this path has been traveled before." *Id.* He was perhaps referring to another case that Plaintiffs had filed against other defendants arising out of a similar incident at another property (Mr. McKnight also acted as their counsel in that case). Judge Hazel dismissed Plaintiffs' claims in that case a few months earlier. *See Hardie v. CIT Bank*, No. GJH-20-2627, 2021 WL 3617199, at \*2 n.3 (D. Md. Aug. 16, 2021) (explaining that Plaintiffs raised many of the same claims as in Case No. TDC-20-1135 but that the claims relate to a different property). In any event, the docket reflects that Altisource did not withdraw its motion to compel and that Plaintiffs did not respond.

On November 19, 2021, the Court granted Altisource's motion to compel Plaintiffs to respond to the outstanding discovery requests. *Id.* The Court ordered Plaintiffs to produce the discovery sought in the motion by December 3, 2021, and established a briefing schedule to resolve Altisource's request for an award of expenses under Fed. R. Civ. P. 37(a)(5)(A). ECF No. 57.

About ten days later, Mr. McKnight moved to withdraw from the case. ECF No. 58. According to his motion, Mr. McKnight was diagnosed with a "chronic form of blood cancer" in October 2020, and he was experiencing severe fatigue related to the cancer.[1] *Id.* at 1. Mr. McKnight represented to the Court that his "physical condition substantially impairs his ability from further representing his clients in this case." *Id.* He explained that he had advised his clients by telephone (on October 10, 2020) and by letter (dated October 12, 2020) that he intended to withdraw from the case and that they should retain new counsel or be prepared to represent themselves. *Id.* On December 1, 2021, the Court granted Mr. McKnight's motion to withdraw as counsel and ordered Plaintiffs to notify the Court within 45 days of the identity of their new attorney or that they would be representing themselves. ECF No. 60-1. Plaintiffs later requested a 60-day extension to identify new counsel. ECF No. 62. The Court granted Plaintiffs' request and set a new deadline of March 15, 2022, to "identify new counsel and provide notice to the Court, or inform the Court that Plaintiffs will proceed without counsel." ECF No. 63. No party requested that the case or any deadlines in the scheduling order be stayed while Plaintiffs sought to obtain new counsel. And the Court did not enter any order staying the case or any discovery deadlines.

On January 18, 2022, Altisource filed notice of intent to move for sanctions because Plaintiffs had not complied with the Court's Order dated November 19, 2021 (ECF No. 57). ECF Nos. 64 & 65. Copies of Altisource's notice of intent were sent to Plaintiffs. *Id.* On February 10, 2022, Defendants filed a status report. ECF No. 67. The report stated that Defendants had attempted to confer with Plaintiffs but had not "had any communication with Plaintiffs since" December 1, 2021. *Id.* at 1-2. The report also stated that Plaintiffs had not provided the discovery

---

[1] Throughout his motion, Mr. McKnight referred to events that occurred in the year 2020. In their submissions, the parties assume that Mr. McKnight meant to refer to the year 2021. The Court will assume so as well.

required in the Court's order granting the motion to compel and that Plaintiffs had not responded to Altisource's request for an award of reasonable expenses incurred in connection with the motion. *Id.* Defendants sought clarification about the schedule, which at that time required the parties to file notice of their intent to file pretrial dispositive motions by February 22, 2022 (about three weeks before Plaintiffs' deadline to identify new counsel). *Id.* at 2. The Court entered an order clarifying the issue the same day. ECF No. 68. The Court extended the deadline for the parties to file notice of intent to file pretrial dispositive motions to April 15, 2022, and stated that it would not otherwise modify the scheduling order. *Id.*

On March 14, 2022, Plaintiffs' current counsel entered his appearance in the case. ECF No. 70. The Court immediately ordered the parties to confer about the outstanding discovery matters (Altisource's request for an award of expenses and Altisource's notice of its intent to file a motion for sanctions) and attempt to resolve them without the Court's involvement. ECF No. 71. The parties complied with this order and filed a response stating that the dispute over the motion for sanctions had been resolved, but that there was a dispute about Altisource's request for an award of expenses. ECF No. 72. The parties proposed a briefing schedule, which the Court adopted. ECF No. 73.

On April 14, 2022, a month after Plaintiffs' counsel entered his appearance and one day before the parties' deadline to file notice of their intent to move for summary judgment, Plaintiffs filed notice of their intent to move to modify the scheduling order. ECF No. 76. The Court promptly ordered the parties to confer to see if they could come to some agreement regarding Plaintiffs' proposed changes to the schedule. ECF No. 79. The parties could not come to an agreement on this issue. *See* ECF No. 82.

## II.      Discussion

### A.      Altisource's Request for Award of Expenses

#### 1.      Standard for Expense Awards

Rule 37(a)(5)(A) provides that if a motion to compel is granted, or if the discovery sought in the motion is produced after the motion is filed, the Court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But the Court must not order the payment of expenses if any of three exceptions apply: (1) the movant did not confer with the opposing party in good faith before filing the motion; (2) the opposing party's nondisclosure, response, or objection was substantially justified, or; (3) "other circumstances make an award of expenses unjust." *Id.*

Because the Court granted Altisource's motion to compel, Rule 37(a)(5)(A) requires the Court to order Plaintiffs to pay Altisource's reasonable expenses related to the motion unless one of the three exceptions applies. The first exception—whether the movant attempted to confer with the opposing party—does not apply. Altisource attempted to confer with Plaintiffs' former counsel by phone and email. It filed the motion only after its attempts to confer were met with silence. The second exception—that Plaintiffs' failure to produce discovery was substantially justified—also does not apply. Plaintiffs failed to produce any response to Altisource's discovery requests before the motion was filed. And after the motion was filed, Mr. McKnight said that Plaintiffs would not produce any responses to the requests because there were "no Documents" to be produced. *See* ECF No. 78-1 at 4. Even after the Court ordered Plaintiffs to produce all responsive discovery to Altisource (on November 19, 2021), Plaintiffs waited until April 1, 2022, to produce their responses. Plaintiffs have provided no justification for their delay or for their prior representation

(through counsel) that they had "no Documents" to produce. Accordingly, Plaintiffs' failure to respond was not substantially justified.

Plaintiffs argue that the Court should not order them to pay Altisource's expenses because any fault lies with their former attorney, Mr. McKnight. According to Plaintiffs' verified response to Altisource's request for fees, their former counsel "never made them aware that discovery requests had been served, or that they were required to respond." ECF No. 74 at 1. And Plaintiffs state that Mr. McKnight never told them that "a motion to compel was filed, the motion to compel was not responded to, and that the motion to compel was granted." *Id.* at 3. Plaintiffs blame their former attorney for any failures in regard to Altisource's motion to compel. *Id.* They also argue that their former attorney's failure was probably caused by his health condition and that, while unfortunate, any fees that the Court imposes should be imposed on that attorney. *Id.*

The Court rejects Plaintiffs' argument. First, the Court does not credit Plaintiffs' statement that they did not know that Altisource had served them with discovery requests, that a motion to compel was filed, and that the motion to compel was granted. In support of this statement, Plaintiffs offer only a verification of their response brief.[2] *See* ECF No. 74 at 6. They disclose no information about the extent of their communications with their former counsel about this case.[3] They provide

---

[2] The Court takes Plaintiffs' verification of the response brief with a grain of salt. Defendants have presented evidence that Plaintiffs' initial Complaint and Amended Complaint (both of which were verified) each contained a material inaccuracy: the date that Defendants are alleged to have removed items from Plaintiffs' property was August 17, 2018, not September 5, 2017. *See* ECF No. 82-4 at 7 ("Plaintiffs state that the date of September 5, 2017 stated in the complaint was a mistake. The Correct date of when the items were removed was August 17, 2018."). Defendants state that Plaintiffs' admission regarding the August 2018 date forecloses Plaintiffs' remaining claims against Defendants. *See* ECF No. 77.

[3] Even if the substance of Plaintiffs' communications with former counsel about the motion to compel is protected by the attorney-client privilege (which is unclear given that Plaintiffs have put these communications at issue by stating that Mr. McKnight never told them about the discovery requests or the motion to compel), Plaintiffs could have provided more information

no evidence from Mr. McKnight on the issue. And they make no effort to clarify why Mr. McKnight told Altisource that Plaintiffs had no documents responsive to the discovery requests when this was not the case. As Altisource notes in another place, "Plaintiffs are not typical pro se litigants." ECF No. 82 at 11. According to the verified allegations in the Amended Complaint, Darrell Hardie is a "D.C. Government Executive" and Yanic Hardie is an attorney. ECF No. 31 ¶ 11. They have been involved in litigation over the foreclosure from which this case arises since 2016. *See* ECF No. 31. Plaintiffs have filed multiple lawsuits in this district.[4] They are not hapless litigants unaware of the demands of federal civil litigation and the consequences that befall parties that make mistakes.

There are two other reasons that the Court does not credit Plaintiffs' statement that they were unaware that the discovery requests were served and that they did not know a motion to compel was granted. First, in 2012 another judge of this Court found that Darrell Hardie "intentionally obstructed justice by providing 'willfully false testimony' that was not 'the result of mistake or misperception or faulty memory'" during a criminal jury trial in this Court. *See* ECF No. 82-5 at 6-7. That Mr. Hardie lied under oath before a jury in a federal criminal trial is a basis for the Court to find that he is not credible. Second, when Mr. McKnight was permitted to withdraw from the case, Plaintiffs sought to protect their rights by notifying the Court that they intended to obtain counsel and requesting an extension of time to do so. But when Plaintiffs were served with

---

about the nature of their relationship with Mr. McKnight regarding discovery in this case. Their failure to do so diminishes their argument.

[4] The cases in the District of Maryland are: *Hardie v. First Savings Mortgage Corporation*, No. JFM-12-2589 (the Hardies represented themselves); *Hardie v. Roofworks*, No. RWT-13-494 (the Hardies represented themselves); *Hardie v. CIT Bank*, No. GJH-20-2627 (Mr. McKnight appeared as the Hardies' counsel). It also appears that Mr. Hardie and his company were named as a defendants in a civil False Claims Act lawsuit filed in the United States District Court for the District of Columbia, *United States v. Hardie Industries, Inc.*, No. BJR-12-2049.

a copy of Altisource's notice of intent to move for sanctions in January 2022, Plaintiffs took no immediate steps to remedy their past discovery failures and violation of the Court's Order compelling discovery. Instead, they served untimely discovery requests on Altisource. *See* ECF No. 78-1 at 7. Plaintiffs' failure to promptly remedy their discovery deficiencies—while taking active steps to further the interests of prosecuting their own claims—is further reason to discount Plaintiffs' statement that they never knew about the discovery requests, the motion to compel, or the order granting the motion in the first place.

The Court finds that an order requiring Plaintiffs (not Mr. McKnight) to pay Altisource's attorney's fees is warranted and that there are no circumstances that would make an award of expenses unjust.

## 2.    Reasonableness of Attorney's Fees

"The amount of attorneys' fees to be awarded in any case is left to the discretion of the district court." *Davis v. Uhh Wee, We Care Inc.*, No. ELH-17-494, 2019 WL 3457609, at *10 (D. Md. July 31, 2019) (citing *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) *as amended* (Jan. 23, 2014); *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). In calculating an award of attorney's fees, the Court must first determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-21 (4th Cir. 2008); *see also Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010) (noting that the lodestar figure is "the guiding light of our fee-shifting jurisprudence"); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); *Garcia v. Montgomery Cnty., Maryland*, No. TDC-12-3592, 2018 WL 1441189, at *5 (D. Md. Mar. 22, 2018). In determining whether hours were "reasonably

expended," courts consider whether a case was overstaffed, and the degree to which the skill and experience of counsel may have impacted the time spent on a task. *Id.* at 434. Counsel for a party seeking attorney's fees must engage in "billing judgment," which means that they must "make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.*

To determine what is reasonable in terms of hours expended and the rate charged, the Fourth Circuit has stated that the Court's

> discretion should be guided by the following twelve factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). "In ruling on an award for a discovery dispute, the most relevant *Johnson* factors may be the time and labor expended, the novelty and difficulty of the questions raised, the skill required to properly perform the legal services rendered, and the experience, reputation and ability of the attorneys." *Davis*, 2019 WL 3457609, at *10 (internal quotation marks omitted).

Once the Court determines a lodestar figure, it must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *McAfee*, 738 F.3d at 88. The Court then awards "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.*

"Reasonableness is the touchstone of any award of attorneys' fees," regardless of whether the award is made because of a fee-shifting statute or as a sanction. *SunTrust Mortg., Inc. v. AIG*

*United Guar. Corp.*, 933 F. Supp. 2d 762, 769 (E.D. Va. 2013). Courts will reduce fee awards where a party employs "too many professionals and too many hours devoted to the sanctions-related issues," or neglects to exercise adequate billing judgment. *Id.* at 775. Similarly, if "much of the work was unnecessary. . . considering what was at stake and what was achieved," reasonableness will require lowering the fee award. *Id.* In addition, "[p]roper documentation is the key to ascertaining the number of hours reasonably spent on legal tasks." *Guidry v. Clare*, 442 F. Supp. 2d 282, 294 (E.D. Va. 2006). Inadequate documentation is a basis for a finding that a party has not met its burden to prove the reasonableness of its requested fee. *Id.* ("Lumping and other types of inadequate documentation are thus a proper basis for reducing a fee award because they prevent an accurate determination of the reasonableness of the time expended in a case.")

The Court's Local Rules provide some guidance on the determination of a reasonable hourly rate. Appendix B to the Local Rules provides the following hourly rates as guidelines ("Guidelines"):

a.  Lawyers admitted to the bar for less than five (5) years: $150-225.
b.  Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.
c.  Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.
d.  Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.
e.  Lawyers admitted to the bar for twenty (20) years or more: $300-475.
f.  Paralegals and law clerks: $95-150.

The party seeking attorney's fees bears the burden to prove that the requested fee is reasonable. *Hensley*, 461 U.S. at 433. In exercising its broad discretion to determine a reasonable fee award, a district court must provide a "concise but clear explanation of its reasons." *Id.* at 437.

The Supreme Court has cautioned that "determination of fees 'should not result in a second major litigation.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to

11

achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

Altisource requests that the Court order Plaintiffs to pay it $2,677.50, which are the expenses that it incurred in connection with the motion to compel. ECF No. 59 at 3. Plaintiffs do not object to Altisource's calculations or the overall reasonableness of the claimed expenses. *See* ECF No. 74. For all work performed in connection with the motion to compel, Altisource was represented by Daniel Mazanec. ECF No. 59 at 1. Mr. Mazanec has been an attorney since 2004. *Id.* His hourly rate for work performed in connection with the motion to compel was $425, which is at the top end of the presumptively-reasonable range of rates set forth in the Court's Local Rules. *Id.* at 2. The Court finds that Mr. Mazanec's hourly rate is reasonable.

Mr. Mazanec states that he spent 6.3 hours working on matters related to the motion to compel, including time spent: researching relevant case law and procedural rules, drafting and revising the motion to compel, reviewing correspondence with Plaintiffs' counsel, and preparing the request for reimbursement of expenses. I find that the time Mr. Mazanec spent working on matters related to the motion to compel is reasonable. I also find that the expenses that Altisource claims to have incurred in connection with the motion to compel were, in fact, incurred in connection with the motion. Finally, I find that the overall claimed expense of $2,677.50—which is less than the alleged value of a signed Magic Johnson Lakers jersey, *see* ECF No. 82-4 at 14— is reasonable. Thus, Altisource's claimed expenses are properly reimbursable under Rule 37(a)(5)(A).

Accordingly, Plaintiffs Darrell and Yanic Hardie are **ORDERED** to pay $2,677.50 to Altisource within 30 days of the date of this order as reimbursement for the expenses that it

incurred in connection with its successful motion to compel. Within 30 days of the date of this Order, Plaintiffs shall file a status report confirming that the expenses have been paid.

**B.      Plaintiffs' Motion to Modify the Scheduling Order**

Discovery began on July 26, 2021, and continued through February 7, 2022. ECF Nos. 45 & 53. Plaintiffs "seek to restart the scheduling order," beginning with the deadline to amend pleadings. ECF No. 82 at 1. Defendants object, contending that "Plaintiffs should not be allowed to brush aside two years of litigation and start this case all over again." ECF *Id.* at 8. The Court will treat Plaintiffs' request as a motion to modify the scheduling order, and the motion will be granted in part and denied in part.

A scheduling order "is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action.'" *Marcum v. Zimmer*, 163 F.R.D. 250, 253 (S.D.W. Va. 1995); *see also Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999) (recognizing that scheduling orders are necessary because district courts labor "under the burden of heavy caseloads and clogged court calendars"). As such, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). District courts have broad discretion to manage the timing of discovery and the modification of a scheduling order. *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986); *Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 594 (7th Cir. 2012) (observing that "district courts have an interest in keeping litigation moving forward and that maintaining respect for set deadlines is essential to achieving that goal"). In considering whether a movant has shown good cause to modify a scheduling order, courts look mainly to the moving party's diligence. *See, e.g., Montgomery v. Anne Arundel Cnty., Md.*, 182 F. App'x 156, 162 (4th Cir. 2006) (per curiam). Lack of diligence and carelessness are the "hallmarks

of failure to meet the good cause standard." *West Virginia Housing Dev. Fund v. Ocwen Tech. Xchange, Inc.*, 200 F.R.D. 564, 567 (S.D.W. Va. 2001). If the moving party was not diligent, "the inquiry should end." *Marcum*, 163 F.R.D. at 254; *see also Pinnacle Advisory Grp., Inc. v. Krone*, No. ELH-19-2988, 2021 WL 3852338, at *4 (D. Md. Aug. 26, 2021).

The Court finds that Plaintiffs were not diligent in moving to modify the scheduling order. First, Plaintiffs' current counsel entered his appearance on March 14, 2022. ECF No. 70. By that time, all of the deadlines in the scheduling order had expired except for one: the deadline for the parties to notify the Court of their intent to file pretrial dispositive motions. ECF Nos. 53 & 68. Rather than promptly moving to modify the scheduling order, Plaintiffs waited one month—until April 14, 2022—to file their letter notifying the Court of their intent to restart the then-expired scheduling order. ECF No. 76. As noted above, Plaintiffs' letter request was filed one day before the deadline for the parties to notify the Court of their intent to move for summary judgment. By waiting so long, Plaintiffs demonstrated a lack of diligence. Even the most cursory review of the docket would have shown that discovery had closed and that all important discovery deadlines had expired. Plaintiffs attempt to justify their delay:

> The Plaintiffs' delay in filing this letter of intention to file the motion to modify is due in large part to responding to discovery and repeated meet and confer emails, calls, and video chats between counsel attempting to reach an agreement, even though such efforts were ultimately unsuccessful.

ECF No. 76 at 3.

This excuse is inadequate. Plaintiffs could have filed their letter notifying the Court of their intent to move to modify the scheduling order while they continued to confer with opposing counsel. Plaintiffs' failure to move to modify the scheduling order promptly after retaining new counsel shows a lack of diligence. Because Plaintiffs were not diligent, the Court's inquiry is

complete, and the motion to modify the scheduling order must be denied (with one exception noted below).

But there are alternative reasons to deny Plaintiffs' motion. Plaintiffs misstate the schedule of discovery in this case. Discovery began on July 26, 2021. ECF No. 45. Plaintiffs' assertion that the "scheduling order was entered September 15, 2021" is incorrect. ECF No. 82 at 2. Plaintiffs' former counsel had at least two months to conduct discovery before he was diagnosed with cancer in October 2021. After their former counsel withdrew, Plaintiffs did not ask for a stay of discovery or any other modification of the scheduling order. Their only concerns were for the Court to extend the deadline for them to identify counsel and to obtain discovery from Altisource based on discovery requests that Plaintiffs served in a self-represented capacity. Given Plaintiffs' experience with civil litigation and considering Plaintiffs' professional backgrounds (including Yanic Hardie's status as an attorney), Plaintiffs conduct between November 2021 and March 2022 shows a lack of diligence.

The Court will make one exception: the deadline for the parties to file notice of their intent to file pretrial dispositive motions will be extended to May 20, 2022. Plaintiffs included a request to modify this deadline in their motion to modify the scheduling order. ECF No. 76 at 3. Plaintiffs' notice of intent was filed before the deadline expired. *Id.* And when they filed the notice of intent, Plaintiffs could not have known whether the Court would allow them to "restart the scheduling order," which would have influenced any pretrial dispositive motion they might file. Because Plaintiffs were diligent with respect to the deadline to file notice of intent regarding pretrial dispositive motions, they have shown good cause to modify the scheduling order. The prejudice that Defendants will suffer because of a further delay of this deadline is minimal. Defendants have already filed notice of their intent to move for summary judgment. If Plaintiffs intend to file a

cross-motion, they should not be deprived of their right to do so simply because it will cause a few weeks of delay.

**III.    Conclusion**

For these reasons, Altisource's request for an award of expenses incurred in connection with their previously granted motion to compel (ECF No. 59) is **GRANTED**. Within 30 days of the date of this Memorandum Opinion, Plaintiffs shall (1) pay Altisource $2,677.50 for the reimbursement of expenses incurred in connection with the motion to compel and (2) file a status report confirming that the fee award has been paid.

Plaintiffs' motion to modify the scheduling order (*see* ECF No. 76) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted with respect to the deadline for the parties to file notice of their intent to file pretrial dispositive motions. This deadline is extended to **May 20, 2022**. Otherwise, the motion is **DENIED**.

An accompanying Order follows.

May 10, 2022                                             _____/s/_____
Date                                                            Timothy J. Sullivan
                                                                  United States Magistrate Judge

16